**HALLINAN & KILLPACK LAW FIRM**
5240 E. Pima Street
Tucson, Arizona 85712
Telephone: (520) 320-5240 / Fax: (520) 577-7044
**Kirstin T. Eidenbach**
kirstin@HLFAZ.com
State Bar No. 027341
**Jeremy W. Killpack**
jeremy@HLFAZ.com
State Bar No. 033434/PAN 66970
**Erin C. Przybylinski**
erin@HLFAZ.com
State Bar No. 036694
**Attorneys for Plaintiff**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Miguel Moya,**<br>　　　　**Plaintiff,**<br>vs.<br>**Officer John Doe; Supervisors John Does I-X; Supervisors Jane Does I-X,**<br>　　　　**Defendants.** | **Case No.:**<br><br>**COMPLAINT**<br><br>**JURY TRIAL REQUESTED**<br><br>Assigned to Hon. |

## I.   REQUEST FOR JURY TRIAL

1. A jury trial is requested.

## II.   PARTIES

2. Plaintiff Miguel Moya ("Mr. Moya" or "Plaintiff") is an individual remanded to the custody of the Arizona Department of Corrections, Rehabilitation & Reentry ("ADC") and at the time of the incidents complained of herein was housed at ASPC – Lewis.

3. Defendant Officer John Doe ("Officer Doe" or "Defendant Doe") was an employee or agent of ADC and acted in their individual capacity under color of law at the relevant time.

4. Defendant Officers and Supervisors John and Jane Does I – X ("Supervisory Parties") were employees or agents of ADC and acted in their individual capacities under color of law at the relevant time.

## III. JURISDICTION AND VENUE

5. This Court has jurisdiction over Counts One and Two deriving from 28 U.S.C. §§1331 and 1343 and 42 U.S.C. §1983.

6. This Court has supplemental jurisdiction over Count Two deriving from 28 U.S.C. §1367 because the claims are so related that they form part of the same case or controversy.

7. Venue is appropriate in the Phoenix division of the US District Court, District of Arizona under 28 U.S.C. §1391 because a substantial part of the events and omissions giving rise to the claims occurred in Maricopa County, Arizona.

## IV. ALLEGATIONS COMMON TO ALL CLAIMS

1. Mr. Moya volunteered during the early days of the COVID-19 pandemic as a porter, selflessly cleaning mattresses and providing much-needed sanitation services.

2. On or about January 8, 2021, Mr. Moya was performing his duties as a porter in a high custody area under the supervision of CO Doe.

3. Without warning, explanation, or cause, CO Doe opened the door of a high custody prisoner, allowing that individual out of his cell and into the area where Mr. Moya was working.

4. CO Doe then exited the area, leaving Mr. Moya alone with an unrestrained high custody prisoner.

5. CO Doe knew or should have known that high custody prisoners are a threat to the safety of lower custody prisoners.

6. After CO Doe left the area, the high custody prisoner trapped Mr. Moya in a porter's closet and assaulted Mr. Moya, causing significant injuries to his head and face.

7. The assault continued until officers deployed pepper spray on both the assaulting prisoner and Mr. Moya.

8. Following the assault, Mr. Moya sought medical treatment for head and eye injuries which have since resulted in likely permanent visual disturbance or loss of vision in his left eye as well as migraine headaches.

9. Mr. Moya has also suffered significant anxiety, paranoia, and post-traumatic stress symptoms since the assault.

## V.   CLAIMS FOR RELIEF

### COUNT ONE

**CO Doe's failure to protect Mr. Moya is a violation of his Eighth Amendment rights and gives rise to a cognizable claim under 42 U.S.C. §1983.**

10. Plaintiff incorporates his statements made above as if stated in full herein.

11. At the relevant times, CO Doe acted in their individual capacity under color of law as an employee or agent of ADC.

12. CO Doe had a duty to protect Mr. Moya from violence at the hands of other inmates and his actions created a substantial risk of harm which he knew or should have known would occur.

13. CO Doe acted with deliberate indifference to Mr. Moya's health and safety when he knowingly and deliberately opened a cell housing an unrestrained high custody inmate and then left that individual alone with Mr. Moya.

14. As a result of CO Doe's deliberate indifference, Mr. Moya suffered substantial physical injury including post-traumatic stress, permanent visual loss of disturbance in his left eye, headaches, anxiety, and paranoia.

### COUNT TWO

**The Supervisory Parties failed to adequately train, manage, and supervise CO Doe and therefore showed deliberate indifference to Mr. Moya's safety giving rise of a cognizable claim under 42 U.S.C. §1983.**

15. Plaintiff incorporates his statements made above as if stated in full herein.

16. At all relevant times, the Supervisory Parties acted in their individual capacities under color of law as employees or agents of ADC.

17. The Supervisory Parties acted with deliberate indifference to Mr. Moya's safety when they knowingly allowed CO Doe to supervise lower custody inmates in a high custody area and failed to act on their knowledge that CO Doe was not appropriately trained to ensure inmate safety in these circumstances.

18. As a result of their deliberate indifference, the Supervisory Parties are responsible for the injuries Mr. Moya suffered including post-traumatic stress, permanent visual loss of disturbance in his left eye, headaches, anxiety, and paranoia.

FOR THE REASONS STATED ABOVE, Plaintiff requests judgment against each of the Defendants in the amounts and proportions deemed by the trier of fact as sufficient to compensate Plaintiff for the harm caused by Defendant's violation of his Eighth Amendment rights as follows, for:

A. Plaintiff's medical expenses and future medical expenses;

B. Plaintiff's lost wages;

C. Plaintiff's pain and suffering;

D. Plaintiff's emotional distress;

E. Special and punitive damages;

F. As the successful parties to this civil action, Plaintiff also prays for an award of his costs realized herein pursuant to A.R.S. §12-341 and for reasonable attorney's fees and litigation costs pursuant to 42 U.S.C. §1988; and

G. For such relief the Court deems just and proper in the circumstances.

RESPECTFULLY SUBMITTED this 14th day of March, 2022.

By: */s/ Kirstin Eidenbach*
Kirstin Eidenbach
Erin Przybylinski
Hallinan & Killpack Law Firm
*Attorneys for Plaintiff*