**WO**                                                                                                   KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Miguel Moya, | No.   CV 22-00394-PHX-JAT (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| Unknown, et al., | |
| Defendants. | |

     Plaintiff Miguel Moya, who is confined in the Arizona State Prison Complex-Lewis, has filed, through counsel, a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and paid the filing fee.  The Court will order Defendant John Doe to answer Count One of the Complaint and will dismiss the remaining claim and Defendants without prejudice.

**I.**     **Statutory Screening of Prisoner Complaints**

     The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity, regardless of whether the prisoner is represented by counsel. 28 U.S.C. § 1915A(a); *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) ("District courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as [§ 1915A] does not differentiate between civil actions brought by prisoners.").

     A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does

not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## II.   Complaint

Plaintiff names Officer John Doe 1 and Officers and Supervisors John and Jane Does I-X as Defendants in his two-count Complaint. Plaintiff seeks money damages.

Plaintiff alleges that on January 8, 2021, while working as a porter in a high custody area in the prison, Defendant Doe 1, "without warning, explanation, or cause . . . opened the door of a high custody prisoner, allowing that individual out of his cell and into the area where [Plaintiff] was working." Plaintiff claims Defendant Doe 1 then exited the area, leaving Plaintiff alone with the unrestrained prisoner. Plaintiff contends Defendant Doe 1 "knew or should have known that high custody prisoners are a threat to the safety of lower custody prisoners." After Defendant Doe 1 left the area, the high custody prisoner trapped Plaintiff in a porter's closet and assaulted him, causing significant injuries to Plaintiff's head and face. The assault continued until officers used pepper spray on both Plaintiff and the other prisoner.

Plaintiff sought medical treatment for head and eye injuries "which have since resulted in likely permanent visual disturbance or loss of vision in his left eye as well as migraine headaches." Plaintiff has also suffered "significant anxiety, paranoia, and post-traumatic stress symptoms since the assault."

In Count One, Plaintiff alleges Defendant Doe 1 failed to protect Plaintiff, in violation of the Eighth Amendment. Plaintiff argues Defendant Doe 1 had a duty to protect Plaintiff "from violence at the hands of other inmates," and "his actions created a substantial risk of harm which he knew or should have known would occur." Plaintiff contends Defendant Doe 1 acted with deliberate indifference to Plaintiff's health and safety "when he knowingly and deliberately opened a cell housing an unrestrained high custody inmate and then left that individual alone with [Plaintiff]." Plaintiff alleges that as a result

of Defendant Doe 1's deliberate indifference, he suffered substantial physical injury, as described above.

In Count Two, Plaintiff alleges Defendants Supervisors Does I-X failed to adequately train, manage, and supervise Defendant Doe 1 "and therefore showed deliberate indifference to [Plaintiff's] safety." Plaintiff claims Defendants Supervisors acted in their individual capacities and were deliberately indifferent to Plaintiff's safety when they "knowingly allowed [Defendant Doe 1] to supervise lower custody inmates in a high custody area and failed to act on their knowledge that [Defendant Doe 1] was not appropriately trained to ensure inmate safety in these circumstances." Plaintiff contends that as a result, he suffered the injuries described above.

**II.    Discussion**

    **A.    Count One**

Plaintiff has adequately stated a claim against Defendant Doe 1 in Count One.

    **B.    Count Two**

To state a claim based on a failure to train or supervise, a plaintiff must allege facts to support that the alleged failure amounted to deliberate indifference. *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998). A plaintiff must allege facts to support that not only was particular training or supervision inadequate, but also that such inadequacy was the result of "a 'deliberate' or 'conscious' choice" on the part of the defendant. *Id.* at 1213-14; *see Clement v. Gomez,* 298 F.3d 898, 905 (9th Cir. 2002) (a plaintiff must allege facts to support that "in light of the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy[]makers . . . can reasonably be said to have been deliberately indifferent to the need." (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989))). A plaintiff must also show a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations omitted).

Plaintiff offers no facts in support of his contention that Defendant Doe 1 was improperly trained, or that any deficient training was the result of a deliberate or conscious choice on the part of Defendants Supervisors. Plaintiff has therefore failed to allege facts showing a sufficient causal connection between Defendants Supervisors' conduct and a violation of Plaintiff's constitutional rights. The Court will dismiss Defendants Supervisors and Count Two for failure to state a claim.

**IT IS ORDERED:**

(1) Count Two is **dismissed** without prejudice.

(2) Defendants Supervisors Jane and John Does I-X are **dismissed** without prejudice.

(3) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m).

(4) This matter is referred to Magistrate Judge Eileen S. Willett pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

(5) This matter is **assigned to the standard track** pursuant to Rule 16.2(b)(3) of the Local Rules of Civil Procedure.

(6) If properly completed, the Clerk of Court must issue the proposed Summons for Defendant John Doe 1, filed at Doc. 2.

Dated this 4th day of April, 2022.

James A. Teilborg
Senior United States District Judge